[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 1223.]

IN RE DISQUALIFICATION OF PARROTT.

HILDRETH MFG., LLC ET AL. *v*. SEMCO, INC.

[Cite as *In re Disqualification of Parrott*, 2001-Ohio-4101.]

*Judges—Affidavit of disqualification—Judge not disqualified by mere fact that he is newly designated to preside over a case from which another judge has recused himself and chooses to discuss with the parties issues that may have been addressed by the predecessor judge—Appeal may be appropriate remedy.*

(No. 01-AP-004—Decided February 6, 2001.)

ON AFFIDAVIT OF DISQUALIFICATION in Marion County Court of Common Pleas case No. 99CV0195.

_____

MOYER, C.J.

{¶ 1} This affidavit of disqualification filed by Donell R. Grubbs, counsel for plaintiff, seeks the disqualification of Judge Richard Parrott from further proceedings regarding the above-captioned case. Judge Parrott was assigned by Chief Justice Moyer after the original trial judge recused himself from the underlying case.

{¶ 2} Affiant's claim of disqualification is based on comments made by Judge Parrott at the initial pretrial conference that he conducted with the parties on January 12, 2001. The essence of affiant's claim of bias and prejudice on the part of Judge Parrott is contained in paragraph 47 of the affidavit, wherein he asserts that the judge's comments and conduct at the pretrial conference have "left every indication that [Judge Parrott] would freely reconsider each and every one of the previous rulings made by [the prior trial judge] * * *."

{¶ 3} Contrary to affiant's assertions, the mere fact that a trial judge, who is newly designated to preside over a case from which another judge has recused, chooses to discuss with the parties issues that may have been addressed by the predecessor judge does not demonstrate bias or prejudice on the part of that judge or create an appearance of impropriety. Affiant simply speculates that by raising these issues with the parties at an initial pretrial conference, the judge intends to overturn the rulings made by the prior judge. The record before me neither supports such speculation nor contains evidence demonstrating bias or prejudice on the part of Judge Parrott.

{¶ 4} Having assumed responsibility for a case, such as this, that has been pending for a lengthy period of time, Judge Parrott is free to conduct those proceedings in the manner he sees fit, within the confines of the applicable law. Should the judge choose to reconsider legal and procedural matters addressed by the predecessor judge, affiant's appropriate remedy is to appeal those rulings, not to seek the judge's disqualification without clear evidence of bias or prejudice.

{¶ 5} For these reasons, the affidavit of disqualification is found not well taken and is denied. The case shall proceed before Judge Parrott.

———————————